NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3356
_____

UNITED STATES OF AMERICA,

v.

KAMAU MUNTASIR,
a/k/a Faheem,

Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 09-cr-245)
District Judge:  Hon. Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
April 14, 2011

Before:   FISHER, JORDAN and COWEN, *Circuit Judges*.

(Filed: April 15, 2011)
_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Kamau Muntasir, a career offender, pled guilty to possession with intent to

distribute heroin.  He was sentenced at the bottom of the Guidelines range to 151 months'

imprisonment.  On appeal, Muntasir alleges that the District Court misunderstood the

chronology of his rehabilitation and abused its discretion by not giving greater credit to his rehabilitative efforts and not departing from the Guidelines range. Muntasir's arguments are unpersuasive, and we will uphold the sentence imposed by the District Court.

## I.      Background

From 1991 to 2006, Muntasir committed and was incarcerated for several crimes, including possession of controlled substances, robbery, attempted criminal possession of a weapon and possession of a handgun, and receiving stolen property. Upon his release from prison in March 2006, Muntasir pledged to his mother that he would live a law-abiding life. Nevertheless, on October 17 and 18, 2006, he was recorded by federal agents buying 55 grams of cocaine, 10 bricks of heroin, and various drug packaging and preparation items. In September 2008, Muntasir was arrested for those October 2006 crimes.

Between his October 2006 crimes and his September 2008 arrest for them, Muntasir endeavored to rehabilitate himself. He participated in outpatient drug treatment. He was intermittently employed as a contract laborer and sought vocational training. He also volunteered as a mentor in a youth training program and served on the host committee for a celebrity's April 2008 visit to two local schools.[1] That period was

---

[1] Muntasir's rehabilitative efforts have continued while incarcerated. In August 2009, he enrolled in a distance learning associates degree program.

2

not free from missteps, however. Although he was only convicted once of a drug related crime during that time,[2] his long history of illegal drug use continued.

On April 6, 2009, a federal grand jury indicted Muntasir on two counts: one for distribution and possession with intent to distribute 5 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(B), and 18 U.S.C. § 2; and another for distribution and possession with intent to distribute heroin, in violation of §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.[3] Pursuant to an agreement with the government, Muntasir pled guilty to the heroin count. The parties stipulated that Muntasir's offense involved 16.7 grams of heroin and 35.3 grams of cocaine base.

At sentencing, the District Court acknowledged receiving and considering the presentence report; the original sentencing memorandum; and several other documents submitted on Muntasir's behalf, including letters from Muntasir, his mother, and personnel at some of the organizations with which he had worked after his October 2006 crimes. The District Court also heard from Muntasir's counsel and Muntasir himself regarding Muntasir's rehabilitative efforts after those crimes.

During the sentencing hearing, the District Court stated:

> The defendant has made the argument that he has made aggressive steps towards fixing his life of crime and being a contributing member of society by mentoring … et cetera. I get from the statements that were made by his own mother and by him in prior sentences, that this is something that he has began to do, but has returned to a life of crime.

---

[2] In 2007, after being found in possession of heroin, Muntasir was convicted of loitering to obtain controlled substances.

[3] References are to the 2009 edition of the United States Code.

(App. at 28.) At the prodding of Muntasir, his counsel interjected "[t]he rehabilitation things occurred after… ." (App. at 29.) Muntasir himself tried to reinforce that clarification, which prompted the Court to respond:

> But what I said before was that based on the statements that were made in interviews regarding his offense to family members, it seems to be that he had begun to make rehabilitative efforts and therefore people were surprised when he was arrested again.

(*Id.*)

Muntasir's counsel confirmed that the Court's statement was accurate, and then Muntasir added: "But the offense occurred before I started doing that, and then they arrested me … so I had stopped doing what I was doing for the charge." (App. at 29-30.) The Court concluded the exchange by stating that it "kind of recounts the whole criminal history involved here" and then noting that the rehabilitative efforts Muntasir had brought to the Court's attention should be considered under 3553 but did not "warrant a departure from the otherwise applicable guidelines." (App. at 30.)

Immediately prior to imposing a sentence, the Court again referenced Muntasir's rehabilitative efforts as well as his hope for continued rehabilitation, and stated that if Muntasir "utilize[d] [his] time [in jail] to rehabilitate himself … he [would be] a contributing member of society" and "have a future." (App. at 32.) Then, in light of Muntasir's record, his attempts at rehabilitation, the seriousness of the drugs involved and the offense, and the allocution, the Court concluded that, though "some consideration should be given to [Muntasir] for his rehabilitative efforts, … a sentence within the guidelines [range] is still appropriate." (*Id.*)

4

Muntasir's criminal history qualified him as a career offender under U.S.S.G.§ 4B1.1.  His total offense level was 29 and his criminal history category was VI, which made 151 to 188 months' imprisonment the recommended Guidelines range. U.S.S.G. § 5(A).  The District Court sentenced Muntasir to 151 months' imprisonment. He then filed this timely appeal.

## II.    Standard of Review[4]

We review the District Court's sentencing decisions for abuse of discretion, looking first for procedural error and then examining the sentence for substantive reasonableness.  *United States v. Wise*, 515 F.3d 207, 217-18 (3d Cir. 2008).  With respect to sentencing-related factual findings, our review for abuse of discretion is effectively a review for clear error.  *See id.* at 217 ("[I]f the asserted procedural error is purely factual, our review is highly deferential and we will conclude there has been an abuse of discretion only if the district court's findings are clearly erroneous.").  A sentence will be upheld as substantively reasonable unless no other reasonable sentencing court would have imposed the same sentence for the reasons provided.  *United States v. Doe*, 617 F.3d 766, 770 (3d Cir. 2010).

## III.   Discussion

On appeal, Muntasir argues that the previously recounted exchange between the Court, himself, and his counsel illustrates that the judge incorrectly understood his rehabilitative efforts to have occurred after he was arrested in 2008 for the crimes he

---

[4] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

committed in 2006, instead of when those efforts actually occurred, which was during the period between the crimes and his arrest. That argument is strained and unavailing. The District Court considered the entire record, was aware of Muntasir's rehabilitative efforts, and – particularly after the above-quoted colloquy during the sentencing hearing – understood the chronology of those efforts as they related to the criminal activity. The record does not evince any confusion undermining the validity of the sentence, a sentence, it should be emphasized, that was at the bottom of the Guidelines range despite the government's recommendation that it be at the top.[5] In short, it cannot fairly be said that the District Court was operating on a mistake of fact when it pronounced sentence.

Nor can it be said that the Court abused its discretion in sentencing Muntasir to 151 months in prison, the bottom of the Guidelines range. First, the Court carefully read the PSR, which details the chronology of Muntasir's rehabilitative efforts, including his employment, volunteer work, educational pursuits, and participation in drug treatment programs.[6] The Court stated that it took the time to read the documents and to look at the photographs provided by Muntasir to demonstrate his rehabilitative efforts, including

_____

[5] It should be noted that the statements by the Court that Muntasir challenges are accurate. Muntasir had "begun to make rehabilitative efforts" and people, like his mother, "were surprised when he was arrested again." (App. at 29.) Even if the Court's statements could be read as indicating the Court thought Muntasir had continued criminal activity after his 2006 release and after he had begun in earnest to change his ways, that too would have been accurate because the record demonstrates that Muntasir continued using heroin periodically from September 2007 until September 2008.

[6] That the Court carefully read the PSR is evidenced both by the Court's statement that it did so and by the Court's comments noting differences between Muntasir's sentencing memorandum and the PSR, pointing out a mistake in the PSR, and referencing Muntasir's mother's comments in the PSR.

those provided on the day of sentencing. In addition, the Court "listened to what [Muntasir] stated to [the] Court, and … to what his counsel had to say." (App. at 24.) Muntasir's allocution included numerous references to his rehabilitative efforts and involvement in the community as well as the representation that he had begun rebuilding his life "before my arrest, before I even knew my arrest was pending." (App. at 19.) The sentence is both within the recommended Guidelines range and reflects a careful and reasoned consideration of Muntasir's rehabilitative efforts and the seriousness of the charges in his case. *Cf. United States v. Hoffecker,* 530 F.3d 137, 204 (3d Cir. 2008) (noting that, though "we do not deem a within-Guidelines sentence presumptively reasonable, it is 'more likely to be reasonable than one that lies outside the advisory guidelines range'" (quoting *United State v. Cooper,* 437 F.3d 324, 331 (3d Cir. 2006)).

## IV. Conclusion

For the foregoing reasons we will affirm the order of the District Court setting forth Muntasir's sentence.